IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRACKER MARINE, L.L.C., d/b/a TRACKER MARINE GROUP and TMBC, L.L.C. d/b/a TRACKER MARINE BOAT CENTER, LLC, | § § § § | No. 262, 2017 |
| | § | Court Below—Court of Chancery |
| Plaintiffs Below, Appellants, | § § | of the State of Delaware |
| | § | C.A. No. 2017-0350 |
| v. | § § | |
| DANIEL PENA, | § § | |
| | § | |
| Defendant Below, Appellee. | § § | |

Submitted: July 17, 2017
Decided: July 24, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 24th day of July 2017, having considered the notice and supplemental notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1) On May 8, 2017, the appellants, Tracker Marine, L.L.C. and TMBC, L.L.C. (collectively, "the Tracker Companies") filed an anti-suit injunction action, motion for expedited proceedings, and motion for preliminary injunction against the appellee, Daniel Pena, in the Court of Chancery. The Tracker Companies sought an anti-suit injunction to prevent Pena from litigating negligence (but not

strict liability) claims he had filed against the Tracker Companies in Florida state court in June 2016. The Tracker Companies' complaint was based on a Delaware forum selection clause in a TMBC repair order that Pena had produced to the Tracker Companies in September 2016.

(2) After briefing and oral argument, the Court of Chancery denied the Tracker Companies' motion to expedite on June 15, 2017. The Court of Chancery held the Tracker Companies had not established good cause for expedition because Pena made a compelling case that the doctrine of laches barred the injunctive relief sought by the Tracker Companies' complaint. The Court of Chancery found the Tracker Companies had actual and constructive knowledge of the forum selection clause in the repair order, their almost eleven-month delay in filing the Delaware action was unreasonable, and Pena would be prejudiced if he had to re-litigate some of his claims in Delaware after litigating those claims for almost eleven months in Florida.

(3) On June 26, 2017, the Tracker Companies filed an application for certification to take an interlocutory appeal. Pena opposed the application. By order dated July 17, 2017, the Court of Chancery denied the application. The Court of Chancery assumed the June 15, 2017 ruling decided a substantial issue of material importance as required under Rule 42, but concluded none of the Rule 42(b)(iii) criteria were satisfied. Addressing the only Rule 42(b)(iii) criteria raised

2

by the Tracker Companies (considerations of justice), the Court of Chancery held the June 15, 2017 order did not effectively terminate the Tracker Companies' rights under the repair order, any hardship to the Tracker Companies was a result of their own unreasonable delay, and the June 15, 2017 order did not undermine any policy favoring the timely enforcement of forum selection clauses. The Court of Chancery concluded the lack of Rule 42(b)(iii) criteria supporting interlocutory review, the cost of interlocutory review, and the piecemeal litigation it would cause outweighed the benefits of interlocutory review.

(4)    We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

_____
Justice

---

[1] Supr. Ct. R. 42(d)(v).

3